Page 1 of 2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERLIE DANIELS, JR.,
    Petitioner,

vs.                              Case No. 5:06cv55/MCR/EMT

JAMES V. CROSBY,
    Respondent.
_____/

**O R D E R**

    Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 and an "Affidavit of Indigence," which the clerk of court docketed as a motion for leave to proceed in forma pauperis (Docs. 1, 2).

    Petitioner is currently incarcerated at Gulf Correctional Institution (*see* Doc. 2). He challenges the sentences imposed by the Circuit Court in and for Clay County, Florida, on February 22, 1990 (*see* Doc. 1 at 1).

    Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

    Pursuant to 28 U.S.C. § 2241(d), the court considers it to be in the interest of justice to transfer this case to the United States District Court in and for the Middle District of Florida. *See*

Dockets.Justia.com

Parker v. Singletary, 974 F.2d 1562, 1582 and n.118 (11th Cir. 1992) (courts should give great weight to the convenience of witness and ease of access to sources of proof when considering habeas transfer).

Title 28 U.S.C. § 636(b)(1)(A) allows a magistrate judge to determine any pretrial matter except for certain dispositive motions. Local Rule 72.2(B) accords magistrate judges in this District virtually the same authority. Transfers of venue in a case are not one of the named exceptions in the statute or the local rule. Thus, since a transfer of venue does not address the merits of the case but merely changes the forum of an action, it is a non-dispositive matter that is within the province of a magistrate judge's authority. *See* Michelli v. City of Hope, No. 93 Civ. 7582, 1994 WL 410964, at *6 n.1 (S.D.N.Y. Aug. 4, 1994); Holmes v. TV-3, Inc., 141 F.R.D. 697 (W.D. La. 1991); *see also* Harris v. Edward Hyman Co., 664 F.2d 943, 945 & n.7 (5th Cir. 1981) (acknowledging that motion to remand case to state court may be referred to magistrate judge pursuant to section 636(b)(1)(A)).

Accordingly, it is **ORDERED**:

The clerk of court shall forthwith transfer this action to the United States District Court for the Middle District of Florida for all further proceedings.

**DONE AND ORDERED** this 14th day of March 2006.

>   */s/ Elizabeth M. Timothy*
>   **ELIZABETH M. TIMOTHY**
>   **UNITED STATES MAGISTRATE JUDGE**